

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 1, 1967

Honorable Robert S. Calvert       Opinion No. M-80
Comptroller of Public Accounts
Austin, Texas                     Re: Whether the Texas gas and
                                      oil production taxes pro-
                                      vided for by Chapters 3
                                      and 4 of Title 122A,
                                      Taxation-General, Vernon's
                                      Civil Statutes, apply to
                                      gas and oil which is severed
                                      in Texas, but which is pro-
                                      duced from a reservoir
                                      located entirely outside
Dear Mr. Calvert:                     of Texas.

        Your request for an opinion states in part:

        "A question has arisen in connection
    with the gas production tax provided for
    bv Chapter 3, Title 122A, Taxation-General,
    Vernon's Civil Statutes, and the crude oil
    production tax provided for by Chapter 4,
    Title 122A, Taxation-General, Vernon's
    Civil Statutes.

        "I have been advised by Magna Oil
    Corporation that they are drilling a well
    for oil and/or gas which is to be surfaced
    on the C. C. Hutchinson Lease, Samuel Stewart
    No. 1069 Survey, Grayson County, Texas. The
    well will be bottomed holed on the Foster-
    Davis Lease, Marshall County, Oklahoma.

        "In order to drill the well, it was
    necessary for Magna Oil Corporation to obtain
    a permit from the Railroad Commission of Texas,
    however, the well will have an Oklahoma allow-
    able.

        "* * * *

-360-

"Please advise me whether or not the Texas gas and oil production taxes provided for by Chapters 3 and 4 of Title 122A, Taxation-General, Vernon's Civil Statutes, applies to the gas and/or oil which is severed in Texas, but which is produced from a reservoir located entirely outside of Texas."

Article 3.01 of Title 122A levies "an occupation tax on the business or occupation of producing gas within this State" and Article 4.02 levies "an occupation tax on oil produced within this State."

Article 3.01 further provides that a "tax shall be paid by each producer on the amount of gas produced and saved within this State" and Article 3.04 defines "producer" as "any person who produces in any manner any gas by taking it from the earth or waters in this State." (Underlining added.)

Article 4.03 provides that the tax "imposed on the producing of crude petroleum shall be the primary liability of the producer as hereinbefore defined," Article 4.01 having defined "producer" as "any person who produces in any manner any oil by taking it from the earth or waters in this State." (Underlining added.)

Since the taxes in question are occupation taxes, undoubtedly the Legislature could have provided for the taxes to be based on the amount or value of minerals extracted through well mouths located on the surface of this State, irrespective of whether the underground mineral reservoirs might be located beneath the surface of this State or not. However, the use of the limiting phrase "from the earth or waters in this State" in both tax statutes clearly indicates a legislative intent that the reservoir source of minerals must be located beneath the surface of this State.

Given the fact situation set out in your opinion request that the reservoir is located entirely outside of Texas, this office is of the opinion that the taxes imposed by Chapters 3 and 4 of Title 122A do not apply to oil or gas extracted from such reservoir, even though the well mouth is located on the surface in Texas.

### S U M M A R Y

The Texas gas and oil production taxes provided for by Chapters 3 and 4 of Title 122A, Taxation-General, Vernon's Civil Statutes, do not apply to gas and oil which is severed in Texas, but which is produced from a reservoir located entirely outside of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Neil Williams
Assistant Attorney General
NW/fb

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
J. Arthur Sandlin
Mario Obledo
John Banks
Houghton Brownlee

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.